## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  DAWN WHITE,<br>as surviving next of kin of<br>CHRISTOPHER BECKMAN, deceased,<br><br>     Plaintiff,<br>vs.<br><br>2.  CORRECTIONAL HEALTHCARE<br>MANAGEMENT OF OKLAHOMA INC.;<br>3.  BOARD OF COUNTY<br>COMMISSIONERS OF THE<br>COUNTY OF OKLAHOMA;<br>4.  JOHN WHETSEL, in his official capacity<br>As Oklahoma County Sheriff; and<br>5.  JUSTIN ISCH,<br>6.  ROBERT ROY,<br>7.  GAVIN LITTLEJOHN,<br>8.  WILLIAM HATHORN,<br>9.  KELLIE CUNNINGHAM,<br>10.  ERVIN BUSBY, and<br>11.  TERI STREETER, Oklahoma County<br>deputies in their individual capacities,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. CV-08-01076L<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SECOND AMENDED COMPLAINT

Having obtained leave of court, Plaintiff amends the Amended Complaint [Doc.20] and states:

### COUNT I—NEGLIGENCE (PERSONAL INJURY & WRONGFUL DEATH) ACTION AGAINST CORRECTIONAL HEALTHCARE

1. Plaintiff Dawn (Beckman) White is the surviving sister and was the Personal Representative of the Estate of Christopher Beckman, Decedent.  On February 25, 2010, Dawn White resigned her appointment as personal representative (In The Matter of the Estate of Christopher Beckman, PB-2007-703, District Court of Oklahoma County, State of Oklahoma).  On February 25, 2010, in the same probate

action, Christopher Beckman's parents, Terry Beckman and Elizabeth Beckman, signed a Waiver & Consent to the appointment of Christopher Beckman's brother, David Beckman, as personal representative.  On March 8, 2010, David Beckman was substituted as personal representative and he has applied to the Court to be substituted as Plaintiff in the present action.

2. The action is brought pursuant to 12 O.S. §§1051, 1052 and 1053 on behalf of Decedent's Estate and Decedent's next of kin.

3. This court has jurisdiction over the claim in Count I under the doctrine of pendent or supplemental jurisdiction, now codified at 28 U.S.C. § 1367.

4. Mr. Beckman is survived by his spouse, Madlyn E. Beckman, and his parents, Terry Beckman and M. Elizabeth Beckman.

5. Correctional Healthcare Management of Oklahoma Inc. ("Correctional Healthcare") was a private entity contracted to provide medical services and administer medication to the inmates of the Oklahoma County Detention Center at all relevant times herein.

6. Sheriff's Deputies, Justin Isch, Robert Roy, Gavin Littlejohn, William Hathorn, Kellie Cunningham,  Ervin Busby and Teri Streeter ("Deputies"), acting within the course and scope of their employment by the County, personally participated in the events alleged herein.

7. John Whetsel ("Sheriff"), Oklahoma County Sheriff, was responsible for policy-making in regard to law enforcement and the Oklahoma County Detention Center; for the training, supervision and conduct of sheriff's deputies; for enforcing the rules and regulations of the Detention Center; and for ensuring that deputies obey the

laws of Oklahoma and the United States. At all relevant times, he was acting in such capacity as the agent, servant and employee of the County and in his official capacity as Oklahoma County Sheriff.

8. The Board of County Commissioners of the County of Oklahoma ("County") employed the Sheriff and Deputies; was responsible for policy-making in regard to law enforcement and Detention Center operation by the Sheriff and Deputies; was responsible for the training and supervision of Deputies; and was responsible for ensuring deputies obey the laws of Oklahoma and of the United States.

9. At all relevant times and in all their actions described herein, Defendant County, Sheriff and Deputies were persons acting under color of law and pursuant to their authority.

10. On May 24, 2007, Christopher Beckman was booked into the Oklahoma County Detention Center as a pre-trial detainee.

11. At the time of booking, Mr. Beckman was in possession of medication necessary for prevention of seizures, which was taken from him.

12. Mr. Beckman was not administered the necessary medication for the prevention of seizures.

13. Mr. Beckman suffered a seizure and was severely injured as a result of being restrained by sheriff's deputies at the Oklahoma County Detention Center.

14. On May 28, 2007, Mr. Beckman died as a result of his injuries.

15. Mr. Beckman's injuries and death were a direct result of the negligence of Defendant Correctional Healthcare, acting through its employees within the scope of

their employment, in failing to provide Mr. Beckman with necessary medication to prevent his seizures.

16. As a direct result of Defendant Correctional Healthcare's negligence, Mr. Beckman suffered personal injuries that were permanent, painful, progressive, disfiguring and fatal. When injured, Plaintiff, born July 15, 1972, was 34 years of age with a life expectancy of 43.6 years. As a result of the injuries, Mr. Beckman incurred medical expense, lost earnings, and suffered pain of mind and body, damaging him in an amount in excess of $10,000.00.

17. As a further result of Mr. Beckman's death, his surviving next-of-kin have incurred funeral and last illness expenses.

18. As a further result of Mr. Beckman's death, his wife has and will be deprived of her spouse's services, companionship and consortium.

19. During his lifetime, Mr. Beckman financially supported and gave guidance, training and protection to his next-of-kin and would have continued to give his support, guidance, training and protection as long as he lived. As a result of his death, the surviving next-of-kin have lost the support, guidance, training and protection given by him and have lost any future support, guidance, training and protection that he would have given.

20. Mr. Beckman's parents suffered grief and lost the companionship of their son.

21. Wherefore, Decedent's Estate and next of kin have been damaged in an amount in excess of $10,000.00.

22. The acts of Defendant Correctional Healthcare were willful, wanton and in reckless disregard for Mr. Beckman's safety, for which punitive damages should be assessed in an amount in excess of $10,000.00.

### COUNT II—VIOLATION OF DECEDENT'S CIVIL RIGHTS BY DEFENDANT COUNTY, DEFENDANT WHETSEL & BY DEFENDANT SHERIFF'S DEPUTIES

For Count II, Plaintiff repleads the allegations of Count I and states:

### Jurisdiction

23. This court has jurisdiction over the claims in Count II under 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(3) & (4).

### Facts

24. At the time of Mr. Beckman's arrest and detention in the Oklahoma County Detention Center, the County, the Sheriff, in his official capacity as Sheriff of Oklahoma County, and Deputies, all acting under color of state law, subjected Christopher Beckman to the deprivation of rights, privileges and immunities secured by the Constitution and laws, and are therefore liable to Plaintiff under 42 U.S.C. §1983, and the Fourteenth Amendment to the Constitution of the United States.

25. On May 24, 2007, Mr. Beckman was arrested at 12:30 a.m. for DUI, driving with a suspended license and not wearing his seatbelt.

26. At the time Mr. Beckman was booked into the Oklahoma County Detention Center he was suffering from a seizure disorder and had in his possession Xanax and Lortab, medications that had been prescribed to him for the prevention of seizures.

27. At the time of booking at approximately 5:30 a.m., his medication was taken away from him.

28. Mr. Beckman informed the Detention Center Deputies he needed to have access to his medication or he would have a seizure.

29. He was not given any medication after the time he was booked.

30. On May 26, 2007, Mr. Beckman had a seizure in his cell.

31. When Deputies encountered Mr. Beckman during the seizure, they beat him violently in order to subdue and restrain him.

32. Deputy Littlejohn struck Mr. Beckman in the face and/or the back of his head when Mr. Beckman was in the small clinic.

33. Deputies Roy and Isch pushed Mr. Beckman's head into the elevator and into a door to open it on their way to the elevator.

34. Deputy Cunningham was in the cell with Mr. Beckman when the incident first occurred and was also riding in the elevator with Mr. Beckman when his head was pushed into the side of the elevator.  Deputy Cunningham was in the clinic when Mr. Beckman was hit in the face by Deputy Littlejohn.  Apparently she brought in the leg shackles to restrain Mr. Beckman while he was on the examination table.

35. Deputy Streeter was the shift commander on the day of the incident.  She was the one who called for Deputy Littlejohn to come up to the clinic and ordered Deputies Roy and Littlejohn to take Mr. Beckman to the shower to be de-contaminated.  She was also standing outside of the clinic when Mr. Beckman was hit in the face and/or head --and did nothing about it. She  personally participated, failed to exercise control or direction, and failed to properly supervise when she had actual knowledge of the violations occurring.

36. Deputies Busby and Hathorn were also in the small clinic with Deputies Roy and Littlejohn when the beating occurred.  They failed to intervene to prevent the use of excessive force and did not report the incident to anyone.

37. Mr. Beckman was then taken to the medical ward and to St. Anthony's Hospital, where he died on May 28, 2007.

38. The medical examiner's report indicates he died of blunt head force trauma.

**Constitutional Violations**

39. Mr. Beckman's death was a direct result of the acts of Deputies in using excessive and unreasonable force with the reckless intent to injure him and/or with deliberate indifference to Decedent's safety and well-being, in violation of his substantive due process rights under the Fourteenth Amendment to the United States Constitution.

40. Mr. Beckman's death was a direct result of the acts of Deputies acting under the direction and control of the County and the Sheriff, and pursuant to the official policy, practice, pattern or custom of the County and the Sheriff of improperly hiring, training, supervising and disciplining deputy sheriffs -- demonstrating the County's and the Sheriff's deliberate indifference to Decedent's safety and well-being.

41. Mr. Beckman's injury arose under circumstances which constitute a usual and recurring situation with which deputies must deal, but because of inadequate training and supervision, which demonstrate the County's and Sheriff's deliberate indifference to the constitutional rights of inmates such as Mr. Beckman, Deputies violated Mr. Beckman's constitutional rights.

42. Mr. Beckman's death was also a direct result of policies, practices and customs established and maintained by the County for law enforcement, including policies

resulting in the retention of the Sheriff and Deputies as law enforcement officers, with deliberate indifference to the safety of persons arrested and booked into Oklahoma County Detention Center in violation of Decedent's constitutional rights.

43. Defendant County authorized, condoned and ratified the acts of the Sheriff and Deputies.

44. Mr. Beckman's injuries and death were a direct result of the County's and Sheriff's and Deputies' deliberate indifference to Mr. Beckman's serious medical needs while Mr. Beckman was a pre-trial detainee in the Oklahoma County Detention Center, violating Mr. Beckman's constitutional rights.

45. As a result of Defendants' acts, Christopher Beckman was subjected to excessive force and deprived of life and liberty without due process. He suffered personal injuries, conscious pain and suffering and died, damaging his Estate in an amount in excess of $10,000.00.

## PRAYER

WHEREFORE, Plaintiff prays for damages in an amount in excess of $10,000.00, punitive damages against Defendant Correctional Healthcare, plus interest, costs, attorneys' fees and other relief obtainable in law and/or equity.

/s/ Ed Abel

ED ABEL, OBA #103
KELLY S. BISHOP, OBA # 15159
NICHOLAS J. LARBY, OBA # 21734
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, OK  73105
(405) 239-7046
FAX (405) 418-0833
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

On this 11th day of March, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

DAVID PRATER
DISTRICT ATTORNEY
SANDRA HOWELL-ELLIOTT, OBA# 11175
ASSISTANT DISTRICT ATTORNEY
320 Robert S. Kerr, Room 505
Oklahoma City, Oklahoma 73102
Direct line: (405) 713-2303
FAX: (405) 713-1749
DASANELL@oklahomacounty.org
ATTORNEYS FOR BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
OKLAHOMA AND JOHN WHETSEL

MICHAEL L. CARR, OBA#17805
TRAVIS DUNN, OBA#16127
HOLDEN CARR & SKEENS
119 N. Robinson Avenue, Ste. 1150
Oklahoma City, Oklahoma 73102
Telephone: (405) 813-8888
Facsimile: (405) 813-8889
MikeCarr@HoldenOklahoma.com
ATTORNEYS FOR DEFENDANT, CORRECTIONAL HEALTHCARE
MANAGEMENT OF OKLAHOMA, INC.

Susan A. Knight
FENTON, FENTON, SMITH, RENEAU & MOON
One Leadership Square, Suite 800-N
211 N. Robinson
Oklahoma City, OK 73102
FAX(405) 235-5247
(405) 235-4671
ATTORNEY FOR WILLIAM HATHORNE

Mack K. Martin
125 Park Avenue - Fifth Floor
Oklahoma City, OK 73102
(405)236-8888
ATTORNEY FOR JUSTIN ISCH

Michael S. Johnson

1901 N Classen Blvd
Oklahoma City, OK 73106
(405) 557-7824
ATTORNEY FOR GAVIN LITTLEJOHN

Warren C. Plunk
Plunk Law Firm
PO Box 815
Oklahoma City OK 73101-0815
405-234-6361
FAX 405-713-1852
ATTORNEY FOR ROBERT ROY

/s/ Ed Abel
_____